Matthew A. Johnson
California Bar No. 207984
320 South 20th Avenue
Yuma, Arizona 85364
Telephone: (928) 750-2572
mateo66@sbcglobal.net

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (THE HONORABLE JILL L. BURKHARDT)

| | |
|---|---|
| United States of America, | ) Case No.: 3:15-mj-03715-JLB |
| Plaintiff, | ) Date: December 5, 2015 |
| vs. | ) Time: 9:00 a.m |
| Allison Gill, | ) **REQUEST FOR APPOINTMENT** |
| Defendant | ) **OF COUNSEL** |

Allison Gill hereby applies for appointment of counsel. This application is brought under 18 U.S.C. §3006(A)(1), upon the grounds that Ms. Gill is financially unable to pay for legal assistance.

## I.

## BACKGROUND

On December 18, 2015, Ms. Gill had her first court appearance in this matter. A Financial Affadavit was filled out at this time by Ms. Gill with the aid of the duty Federal Public Defender, listing her monthly income as $3000, and her

monthly expenses as $2200. Undersigned counsel was appointed to represent Ms. Gill, and a Detention Hearing was set for December 22, 2015.

Upon arriving at court for the detention hearing in this matter on December 22, 2015, undersigned counsel was presented with a Financial Affidavit prepared for Ms. Gill by his investigator, claiming a monthly income of $3000, and monthly expenses of $2040.

A detention hearing was held, and a bond was set in the amount of $30,000, secured by real property. The court graciously allowed Ms. Gill to be released secured by her parents' signatures until they were able to get the paperwork for the property bond together, not to extend beyond January 5, 2016.

The Court also inquired into disparities between the Financial Affidavit submitted by Ms. Gill, and the Pretrial Services Report, which showed a monthly income of $6900. It found that based on the information provided at that time, Ms. Gill did not qualify for appointment of counsel, and appointed undersigned counsel provisionally until Ms. Gill could secure her own counsel, not to extend beyond January 5, 2016.

Ms. Gill is unable to retain counsel. She does not make $6900 per month, she makes roughly $900 per week, which amounts to $3600 per month. The information provided in the Pretrial services report regarding her monthly income was in error, and grossly exceeds her actual monthly income. Undersigned counsel may have perpetuated this misunderstanding in court, as he was trying to get this information from his client "on-the-fly," having met her for the first time in court, during her detention hearing.

15MJ3715-JLB

As an exotic dancer, Ms. Gill's income varies wildly from one week to the next. A majority the income she receives is in the form of tips.

Ms. Gill asks that this court allow her to retain court-appointed counsel until her eligibility for such can be examined in more detail.

## II.

## DOUBTS AS TO ELIGIBILITY SHOULD BE
## RESOLVED IN FAVOR OF THE DEFENDANT

Under GUIDE TO JUDICIARY POLICY, VOL 7 DEFENDER SERVICES, §210.40.30(b) "any doubts as to a person's eligibility should be resolved in the person's favor. Erroneous determinations of eligibility may be corrected at a later time."

## III.

## DEFENSE COUNSEL MUST ADVISE THIS COURT IF THE
## DEFENDANT HAS THE RESOURCES TO HIRE COUNSEL AND THIS
## COURT MAY ORDER REPAYMENT BY THE DEFENDANT

Under §210.40.30(d), the Court may order the defendant to repay the Court for fees spent on CJA counsel. See also 18 U.S.C. §3006 (A)(f)("Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, or to the bar association or legal aid agency or community defender organization which provided the appointed attorney.")

15MJ3715-JLB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Under General Order 499 for the Southern District of California (the "CJA Plan"), counsel must advise the court if they obtain unprivileged information that the client can afford representation:

> If, **at any time after appointment, counsel obtains information that a client is financially able to make payment**, in whole or in part, for legal or other services in connection with his or her representation, **and the source of the attorney's information is not protected as a privileged communication, counsel shall advise the court**. The court will then take the appropriate action which may include permitting assigned counsel to continue to represent the party with part or all of the cost of representation defrayed by such defendant.

Local CJA Plan, D4.

Thus, this court can appoint counsel knowing that counsel will have to provide the Court with any unprivileged information regarding qualification for appointment of counsel.

## IV.

## CONCLUSION

This court should appoint counsel for Ms. Gill, bearing in mind the Court has the authority to order repayment, partial payment, or even monthly payments.

Respectfully submitted,

Dated:   December 31, 2015                    */s/ Matthew A. Johnson*

Matthew A. Johnson
Attorney for Allison Gill

4                                                                    15MJ3715-JLB